# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**AIR MASTER AWNING, INC.,**

    **Plaintiff,**

    vs.

**GREEN WINDOWS, CORP, et al.,**

    **Defendants.**

**Civil No. 17-2245 (ADC)**

## OPINION AND ORDER

The instant claim is for alleged copyright and trademark infringement as well as unfair competition. **ECF Nos. 1, 29**. Before the Court is: (i) co-defendants Green Windows Corp. and Ricardo Padró's ("co-defendants" or "Green Windows") motion to dismiss for failure to state a claim under Rule 12(b)(6), plaintiff Air Master Awning, Inc.'s ("plaintiff" or "Air Master") opposition, co-defendants' reply, and plaintiff's surreply, **ECF Nos. 13, 20, 23, 28**; (ii) plaintiff's motion for leave to file an amended complaint, **ECF No. 29**; and (iii) the parties' joint initial scheduling conference memorandum, **ECF No. 32**. As discussed below, the Court grants co-defendants' motion to dismiss, grants plaintiff's request for leave to file an amended complaint, and issues a case management calendar in light of the parties' joint initial scheduling conference memorandum.

**I.    Factual and Procedural Background**

On October 13, 2017, plaintiff, a Puerto Rico corporation that "designs, manufactures, sells and installs aluminum and glass doors and windows," filed the instant complaint for copyright

infringement and unfair competition against Green Windows, also a Puerto Rico corporation, "under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*, and Puerto Rico jurisprudence." **ECF No. 1**. Specifically, plaintiff alleges that on September 2 and October 5, 2017, Green Windows published a photograph owned by plaintiff on Green Windows' Facebook page "as part of its media and publicity campaign." *Id*. at 4. Plaintiff asserts that the photograph in question "shows five aluminum and crystal doors, which were manufactured, installed and sold by Air Master to [a client]. Furthermore, Air Master [had] contracted the services of a photographer to photograph those doors or project to be used a promotional material of the services provided by Air Master." *Id.*

Moreover, according to plaintiff, "Green Windows[] included in the infringed photograph its logo, expressly and irrevocably taking credit as authors of said photographs, when in fact Air Master is the only lawful author and owner of said [p]hotograph." *Id.* at 4. Plaintiff avers that in 2014, it had written to Green Windows twice asking them to cease and desist their alleged use on previous occasions of Air Master's photographs. *Id*. at 5. For the alleged acts of copyright infringement and unfair competition, Green Windows requests preliminary injunctive relief pursuant to Fed. R. Civ. P. 65(a) and compensation for alleged damages. *Id*. at 10-12.

On December 20, 2017, Green Windows filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). **ECF No. 13**. In essence, Green Windows contends that

pursuant to 17 U.S.C. § 411(a),[1] registration of a copyright before the U.S. Copyright Office is a prerequisite to filing a copyright infringement claim in federal court. *Id*. at 4. Green Window further avers that

> Plaintiff fails to allege that the photograph was registered. Although the plaintiff states that the photograph is copyrighted, no allegations are made as to the registration number and the date of the registration. No mention was made because the photograph was never registered. Further evidence that the photograph was not registered at the time of the incident or prior to the filing of the suit is that the photograph is not identified with a symbol that the same was copyrighted.

*Id*. at 4. Accordingly, Green Windows asserts that "plaintiff has not complied with the applicable statutory formality of registering the copyright before filing suit. For said reason the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)6 for failing to state a cause of action since there is no claim until the registration of the copyright." *Id*. *See also* **ECF Nos. 23**; **32** at 16-20.

Green Windows further asks the Court to deny Air Master's request for preliminary injunctive relief, inasmuch as in its complaint, "plaintiff failed to show an ownership of a valid

---

[1] 17 U.S.C. § 411(a) provides as follows:

> Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue.

copyright." **ECF No. 13** at at 7. Co-defendants also contend that plaintiff "failed to notify a cease and desist letter prior to the notification of the suit," in violation of Fed. R. Civ. P. 65 (a)(1). *Id*.

In addition to Green Windows' averments in its motion to dismiss, it alleged in its subsequent answer to the complaint that one of plaintiff's photographs "was posted on one occasion on Facebook in error without the knowledge of [co-defendant] Mr. [Padró] Sosa." **ECF No. 25** at 2. Green Windows further alleged that "as soon as Green Windows acquired knowledge of the error of posting the photograph on Facebook, the photograph was immediately removed." *Id*. at 6. Additionally, Green Windows alleged that "the only prior incident in 2014 was when, without [co-defendant] Mr. Sosa's knowledge, a photograph of a glass railing was sent via [e]-mail to seven decorators." *Id*. at 2.

Air Master filed an opposition to Green Windows' motion to dismiss. **ECF No. 20**. In essence, plaintiff contends that although under 17 U.S.C. § 411(a), copyright registration is a prerequisite for filing a federal law suit, "even when a work is unregistered, the copyright holder has a protection under the Copyright Act and a federal court has subject-matter jurisdiction to see a copyright infringement case." *Id*. at 4. *See also* **ECF Nos. 28**; **32** at 8-11. Furthermore, Air Master asserts to have complied with the notice requirement under Fed. R. Civ. P. 65 (a)(1), regarding its request for injunctive relief by serving Green Windows with a copy of the complaint, in which the request for preliminary injunctive relief is wholly contained. **ECF No. 20** at 5-7.

Co-defendants answered the complaint on January 24, 2018. **ECF No. 25**. Plaintiff filed a motion seeking leave to amend the complaint to include a claim of trademark infringement under federal law on February 20, 2018. **ECF Nos. 29**. The parties filed a joint initial scheduling conference memorandum on March 5, 2018. **ECF No. 32**.

## II. Legal Standard

If the prerequisites to plaintiff's right to sue are not conditions precedent governed by the special pleading standard in Fed. R. Civ. P. 9(c) ("Rule 9"), they must "meet the general pleading standards under [Fed. R. Civ. P.] 8(a)." *See Edlow v. RBW, LLC*, 688 F.3d 26, 40 n.15 (1st Cir. 2012). Under those standards, "[i]t is axiomatic that a complaint must contain . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Guadalupe-Báez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (quoting Fed. R. Civ. P. 8(a)(2)). A condition precedent is "[a]n act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises." Black's Law Dictionary 355 (10th ed. 2014); *see also McIlwain v. Korbean Int'l Inv. Corp.*, 896 F. Supp. 1373, 1384 n.11 (S.D.N.Y. 1995) (recognizing that this ordinary meaning of "condition precedent" is the one used in Rule 9(c)). Although the First Circuit Court of Appeals has held that "Rule 9(c) governs not only contractual conditions precedent, but statutory conditions precedent as well," *Walton v. Nalco Chem. Co.*, 272 F.3d 13, 21 n.13 (1st Cir. 2001), the Court has never extended Rule 9(c) to cover procedural requirements for filing a claim. *See* 5 Wright & Miller, Federal Practice and Procedure § 1303 (3rd ed. 2004) ("By

its terms the federal rule . . . applies only to conditions 'precedent,' not to the performance of procedural or administrative requirements for filing the claim.").

Thus, a claimant whose cause of action entails compliance with procedural or administrative requirements prior to filing suit before this Court shall adequately plead to have complied with those requirements. Moreover, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id*. (alteration in original) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating the complaint, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. *Parker v. Hurley*, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n],' 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). *See Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010).

## III. Discussion

### A. Copyright Infringement Claim

In its opposition to co-defendants' motion to dismiss, plaintiff admits that the photograph central to its copyright infringement claim has not been registered before the U.S. Copyright Office. **ECF No. 20** at 7. Nonetheless, as summarized above, plaintiff contends that as the owner of the allegedly infringed photograph, plaintiff "does not need to register said photograph in order to be entitled to relief. The registration grants further reliefs and provides prima facie evidence of ownership, but the lack of registration does not erase [the] subject-matter jurisdiction" of this Court. *Id*. at 7. However, as held by the First Circuit Court of Appeals,

> [w]hile "registration is not a condition of copyright protection," 17 U.S.C. § 408(a), the Copyright Act makes registration a precondition to filing a valid copyright infringement claim under the federal statute, *id.* § 411. Although the Supreme Court in *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010), recently held that the Copyright Act's registration requirement "does not implicate the subject-matter jurisdiction of federal courts," *id.* at 1248, proof of registration of the allegedly infringed work remains an "element[ ] of a cause of action" for copyright infringement, *id.* at 1243–44.

*Airframe Sys., Inc. v. L-3 Commun. Corp.*, 658 F.3d 100, 105 (1st Cir. 2011).

In light of the above, the Court hereby **GRANTS** Green Windows' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) regarding plaintiff's copyright infringement claim. Plaintiff has not complied with the copyright registration requirement under 17 U.S.C. § 411. *See Muchnick,* 559 U.S. at 167. As such, plaintiff is precluded from filing a federal law suit regarding copyright infringement of said photograph until the aforementioned registration

requirement is executed. *See* 17 U.S.C. § 411(a); *Airframe Sys., Inc.*, 658 F.3d at 105. Accordingly, plaintiff's claim for copyright infringement is hereby **DISMISSED WITHOUT PREJUDICE**.

**B.     Request for Preliminary Injunction**

As summarized above, co-defendants aver that plaintiff's request for preliminary injunction under Fed. R. Civ. P. 65(a) should be dismissed because plaintiff failed to: (1) show ownership of a valid copyright regarding the photograph in question; and (2) notify them of a cease and desist letter prior to filing the instant complaint containing a request for preliminary injunction. **ECF No. 13** at 5-7. In response, plaintiff contends that it adequately pleaded in the complaint its copyright ownership of the photograph in question, since "registration is not necessary for the copyright to be protected." **ECF No. 20** at 3. Moreover, plaintiff contends that insofar as the request for preliminary injunction under Fed. R. Civ. P. 65(a) is contained in the complaint, service of process of said complaint to co-defendants suffices to comply with the notification requirement under Fed. R. Civ. P. 65(a)(1). *Id.* at 5-6.

Fed. R. Civ. P. 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Furthermore, "[a]lthough Rule 65(a)(1) does not define what constitutes proper notice, it has been held that providing a copy of the motion and a specification of time and place of the hearing are adequate." 11A Wright & Miller, Federal Practice and Procedure § 2949 (3d ed. 2013) (citing *In re Lease Oil Antitrust Litigation (No. II)*, 200 F.3d 317 (5th Cir. 2000); *Corrigan Dispatch Co. v. Casa Guzmán, S.A.*, 669 F.2d 359 (5th Cir. 1983)). *See Fryzel v. Mortgage Elec. Reg. Sys., Inc.*, 719 F.3d 40, 44 (1st Cir. 2013). Accordingly, the Court holds in the

instant case that plaintiff complied with the notice requirement by serving process of the complaint on co-defendants, given that said complaint contains the totality of plaintiff's request for a preliminary injunction under Fed. R. Civ. P. 65(a)(1).

Nonetheless, as held herein, the Court grants co-defendant's request for dismissal under Fed. R. 12(b)(6) as to plaintiff's claim of copyright infringement, which forms the basis of its request for a preliminary injunction.[2] Furthermore, the Court notes that plaintiff failed to comply with other requirements of a proper request for preliminary injunction under the aforementioned rule. For instance, plaintiff failed to present and support its request for preliminary injunction with anything other than its unverified allegations in the complaint, which are insufficient. It is well known that "[e]vidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support" a request for preliminary injunction. 11A Federal Practice and Procedure § 2949 (3d ed. 2013) (citing *Bossert v. Springfield Group, Inc.*, 579 F. Supp. 56, 58 (S.D. Ohio 1984); *Eyler v. Babcox*, 582 F. Supp. 981, 986 (N.D. Ill. 1983); *Town of Brookline v. Goldstein*, 388 Mass. 443, 447 N.E.2d 641, 645 (1983)).[3]

---

[2] As alleged by plaintiff in both the original and the proposed amended complaint, **ECF Nos. 1** at 8; **29-1** at 11,

> Unless co-defendants are restrained by this Honorable Court from using, distributing and publishing the infringed photograph they will continue to infringe Air Master's rights. Also, defendants should be restrained from unfairly competing with Air Master and from being dishonest to the consumer. Therefore, Air Master is [sic] requests a preliminary or permanent injunctive relief hearing in an urgent manner to restrained [sic] and enjoin co-defendant's conduct.

[3] *See, e.g., Bascom Food Products Corp. v. Reese Finer Foods, Inc.*, 715 F. Supp. 616, 624 (D.N.J. 1989); *Illinois Migrant Council v. Pilliod*, 398 F.Supp. 882, 891 (N.D.Ill. 1975); *Hall v. Orlikowski Constr. Co.*, 24 Ill. App. 3d 60, 63 (Ill. App. Ct. 1974).

Furthermore, plaintiff failed to present to the Court a proposed order for preliminary injunction, as required under Local Civ. R. 65.

Accordingly, the Court **GRANTS** co-defendant's request for dismissal of plaintiff's request for preliminary injunction, **ECF No. 13,** in light of the dismissal without prejudice of the copyright infringement claim and plaintiff's non-compliance with fundamental requirements of a request for preliminary injunction under Fed. R. Civ. P. 65(a). As such, plaintiff's request for preliminary injunction is hereby **DISMISSED WITHOUT PREJUDICE**.

### C. Amended Complaint

As summarized above, plaintiff filed a motion seeking leave to amend the complaint to include a claim of trademark infringement under federal law, 15 U.S.C. 1051, *et seq*. **ECF Nos. 29**; **32** at 12-13. In the proposed amended complaint, tendered as an attachment to the aforementioned motion, plaintiff alleges that "[t]he United States Patents and Trademark Office granted [it] with protection of its trademark." **ECF No. 29-1** at 8. Plaintiff also alleges that Green Windows "does not have any trademark registration in the United States Patents and Trademark Office," and that it "sought registration of its mark with the Puerto Rico Trademark Office" but was denied registration rights. *Id*. Moreover, according to plaintiff, Green Windows' "trademark logo features the colors green and brown, very similar to [p]laintiff's logo and ends with the words 'windows and doors' exactly as in [p]laintiff's logo. Said marks are sufficiently similar as to likely cause confusion in the market." *Id*. at 9. According to plaintiff, "[t]he products of both companies are very similar, almost indistinguishable as they are windows and doors of the same

style manufactured with aluminum and glass." *Id*. Co-defendants did not oppose plaintiff's request seeking leave to amend the complaint.

Absent undue delay, bad faith, or dilatory motives, a plaintiff's motion seeking leave to amend the complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the Court hereby **GRANTS** plaintiff's motion seeking leave to amend the complaint, **ECF No. 29**. **PLAINTIFF SHALL RE-FILE** its proposed amended complaint at **ECF No. 29-1** as a separate docket entry. Furthermore, **CO-DEFENDANTS HAVE TWENTY-ONE (21) DAYS** from the date of filing of the amended complaint to file their answer to the amended complaint.

### D. Case Management Calendar

In light of the parties' joint initial scheduling conference memorandum, **ECF No. 32**, the Court hereby orders the following case management calendar:

| MILESTONE | DEADLINE |
|---|---|
| Pending initial disclosures (if any) and exchange of witness lists | November 2, 2018 |
| Discovery deadline | March 8, 2019 |
| Filing of Dispositive Motions | April 21, 2019 |
| Oppositions to Dispositive Motions | May 19, 2019 |

**No extensions of time regarding the above deadlines shall be granted absent exigent circumstances**.

IV. **Conclusion**

For the reasons discussed herein:

(i) The Court **GRANTS** co-defendants' request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of plaintiff's claim of copyright infringement under 17 U.S.C. § 101, *et seq.*, and request for preliminary injunction under Fed. R. Civ. P. 65(a), **ECF No. 13.** As such, said claims are hereby **DISMISSED WITHOUT PREJUDICE**;

(ii) The Court **GRANTS** plaintiff's motion seeking leave to amend the complaint to include a claim of trademark infringement under 15 U.S.C. 1051, *et seq.*, **ECF No. 29.** As such, **PLAINTIFF SHALL RE-FILE ITS PROPOSED AMENDED COMPLAINT** at **ECF No. 29-1** as a separate docket entry, and **CO-DEFENDANTS ARE GRANTED TWENTY-ONE (21) DAYS** from the date of filing of the amended complaint to file their answers to the amended complaint;

(iii) The parties are bound by the **CASE MANAGEMENT CALENDAR** included above; and

(iv) The **CASE IS HEREBY REFERRED TO A UNITED STATES MAGISTRATE JUDGE** for the setting of a status conference, at a time to be designated by the Magistrate Judge, and a settlement conference after May, 2019, at the conclusion of

dispositive motion practice.  If settlement does not materialize, the Court will set a Pre-trial and Trial schedule.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 28th day of September, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**